CARRON, RESPONDENT, v. CLARK ET AL., APPELLANTS.

[Submitted September 5, 1893.   Decided April 2, 1894.]

ROADS—*Proceedings to open—Damages—Pleading and proof.*—Upon the trial of
an action to enjoin the construction of a county road alleged to have been
opened without compliance by the county commissioners with the statutory
requirements that the petition for laying out the road be accompanied by an
affidavit of posting notices; that the posting of notices by the viewers appointed
be proved by an affidavit filed in the county clerk's office, and that such view-
ers file a report with the said clerk, the mere absence from the files of the
clerk's office of such affidavits and report does not prove that no such proofs
or report were produced before the board of commissioners when it acted upon
the petition and report; nor would the absence of such affidavits from the files
establish an averment that no such notices were posted, and where plaintiff
offered no further proof of such alleged omissions a nonsuit should be granted.

SAME—*Same—Posting notices—Evidence.*—Though proof of the posting of notices
of the time of meeting of road viewers in proceedings to open a road is required
to be made by affidavit filed in the office of the county clerk, the testimony of
a witness that he actually posted the notices is admissible where the affidavits
are absent from the files.

DAMAGES—*Pleading—Evidence.*—Evidence of damage to a crop by stock entering
and destroying the same is inadmissible where plaintiff merely alleged in his
complaint that the defendant entered upon his land, threw down his fences
and exposed his crop, without stating the amount of damage, and concluded
with a prayer for judgment for five hundred dollars damages for the trespass.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION for damages and an injunction. The cause was
tried before WILLIAM H. BICKFORD, Esq., special judge, sit-
ting in place of WOODY, J. Plaintiff had judgment below.
Reversed.

*Henri J. Haskell,* for Appellants.

*Marshall, Reeves & Marshall,* for Respondent.

HARWOOD, J.—When plaintiff rested in the introduction of
testimony on his behalf, defendants moved the court for an
order of nonsuit of the action (Code Civ. Proc., § 242), on the
ground that plaintiff had failed to introduce proof tending to
establish certain material allegations of his complaint. The
motion was overruled, and that ruling, among others, is
assigned as error.

The action was brought to enjoin defendants from opening
a public road through a certain field in possession of plaintiff

as lessee, and to recover damages alleged to have been sustained by plaintiff, resulting from the removal of a portion of the fence inclosing said field by defendants in attempting to open said road, as alleged, in violation of the law.

To lay the foundation for establishing the fact that said road was opened by defendants without authority of law because of failure to conform their proceedings in that respect to the requirements of statute, plaintiff alleged in his complaint, among other averments: That no order was ever made by said board of county commissioners establishing said roa , or declaring it a public highway, on the 3d of December, 1888, or at any other time. That the petition to the board of county commissioners for the opening of said road was not accompanied by satisfactory proof, or any proof, that notice of said petition had been given by posting notices thereof on the front door of the county clerk's office, and in three public places in the vicinity of said proposed road thirty days previous to the presentation of said petition, as required by statute. That when the county commissioners appointed viewers to view and mark out said road they did not, as required by statute, cause notices to be posted in three of the most public places along the proposed new road five days previous to the date fixed for the view thereof, giving to parties interested notice of the time fixed by the county commissioners for the viewers to meet; and that no such notices were posted. That a majority of the viewers appointed to view and mark out said road did not sign a report to the board of county commissioners, as required by statute; nor did a majority of the viewers sign any report of the view made by them. That, as plaintiff is advised and alleges, the order of the board of county commissioners establishing said road, or declaring it a public highway, if any such order was made, which plaintiff denies, and the order directing the supervisor of that road district to remove all obstructions from said proposed road, were and are void, on account of the errors and irregularities above specified. There are other allegations of the complaint relating to the damage which would result from the opening of said road, and had already resulted from the attempted opening thereof. All the averments of the complaint were denied by the answer of defendants.

As to proof of the allegations of the complaint, at the trial; plaintiff first introduced considerable testimony as to the field, the fence inclosing the same; the character of the land inclosed, and purposes to which it was devoted (the same being pasture, hay, and wooded lands, with some five or six acres cultivated for raising wheat and oats); and further testimony describing how said road supervisor, in May, 1889, removed certain portions of the fence inclosing said field, claiming to act pursuant to the orders of the board of county commissioners establishing and ordering said supervisor to open such road through said field; and the damage which resulted from the removal of the fence necessary to open such road, and by devastation of stock entering the field through the way thus opened.

Plaintiff then undertook to substantiate, by proof, the allegations of his complaint as to omissions and irregularities charged against said board of county commissioners in their proceedings through which they claimed to establish and open said road as a public highway by authority of law. And the only evidence introduced upon that branch of the case appears to be certain records of the proceedings of the board of county commissioners, introduced and read in evidence by plaintiff, as follows:

An order of June 5, 1888, as follows: "*In the Matter of the Petition of G. W. Dickinson, T. M. McLaren, William Phelps, and others,* asking that a road be laid out and established, commencing at a point on the road leading from Stevensville to Corvallis, on the section line between sections 27 and 34, and following said section line as near as practicable up Burnt Fork until it strikes a point on the road leading past James Phelps', in township 9, R. 12 W. J. A. J. Chapman, Z. T. Saunders, and Sanford Strout appointed as viewers to meet and view said proposed road on June 25th and report at regular September session."

Another order of June 6, 1888, as follows:

" *In the Matter of the Road Petition of G. W. Dickinson, T. M. McLaren, and others.*

"It appearing that the affidavit requiring to be filed as to posting of notices on the presentation of a road petition has

not been filed in the above matter, ordered, that the order made on yesterday, appointing viewers, be, and the same is hereby revoked, and said petition lie over until next regular session."

Another order of September 4, 1888, as follows:

"*In the Matter of the Road Petition of William Phelps, Geo. W. Dickinson et al.*

"Viewers appointed as follows: J. A. J. Chapman, Geo. W. Strout, Zach. Saunders, to meet on October 1st, and report at December session."

And another order of December 3, 1888, as follows:

"*In the Matter of the Report of the Road Viewers Appointed upon the Petition of William Phelps, Geo. W. Dickinson et al.*

"Said report read and adopted, and viewers discharged."

Lastly, an order of April 16, 1889, as follows:

"Ordered, that road supervisor, Thomas Clark, of road district No. 2, remove all obstructions from the road petitioned for by George W. Dickinson, Wm. Phelps et al., which was declared a public highway on the 3d day of December, 1888; and also that he put the said road in shape for public travel."

Plaintiff also introduced in evidence, from papers and files in the office of the county clerk and recorder of said county, a petition for the opening of said road, and an affidavit accompanying the same as follows:

"*To the Honorable, the Board of County Commissioners of Missoula County, in Council Convened:*

"We, the undersigned, residents and freeholders of Missoula county, liable to be assessed for highway labor therein, do hereby make application to you, the said commissioners, to lay out a highway in said county, in township No. 9, commencing at a point on the road leading from Stevensville to Corvallis, on the section line between sections number 27 and 34 and following said section line, 'or as near as practicable,' up Burnt Fork, till it strikes a point on the road leading past James Phelps' in said township, and range 12 west.

"Dated at Stevensville, Missoula county, M. T., May 21, 1888.

"[SIGNED]   G. W. DICKINSON, T. M. McLAREN, THOS. J. McFARLIN, and forty-one others.

"[INDORSED]: Filed June 4, 1888.

"ALVIN LENT, Co. Clerk,
"By GUST MOSER, Deputy."

"TERRITORY OF MONTANA, } ss.
    "County of Missoula.

"George W. Dickinson, being duly sworn, deposes and says: That on or about the fourth day of June, 1888, he assisted in posting three notices in the following places, to wit: One on the section line between sections 27 and 34, at a point on the road leading from Stevensville to Corvallis, in Tp. 9; one on said section line, near Tom McFarlin's; and one on the said section line on the road leading from Stevensville to E. J. Holt's mill; and sent one to the county clerk, to be posted in the courthouse at Missoula.   Said notices set forth that a petition would be presented to the Hon. Board of County Commissioners of Missoula County, to open a public highway on the section line between sections 27 and 34, at a point on the road leading from Stevensville to Corvallis, in Tp. 9 N., of R. 20 west, and running east along said section line, or as near as practicable, till it strikes the road leading from Stevensville to Holt's mill, in Tp. 9, R. 19 west.   GEO. W. DICKINSON.

"Subscribed and sworn to before me this 28th day of August, '88.     J. R. McLAREN, Justice of the Peace.

"[INDORSED] 'Affidavit of posting notice for laying out road.'"

According to the record before us, which purports to recite all the evidence introduced in this case, the foregoing records comprise all the testimony offered by plaintiff to establish the allegations of his complaint that the defendant board of county commissioners ordered said road opened without requiring the various notices to be given, and proper report of the road viewers to be returned, as provided by law; and, plaintiff having rested in the introduction of his proof, defendants interposed their motion for nonsuit.

It appears to us, after careful consideration of all the evi-

dence offered, that the motion for nonsuit ought to have been granted. The record in this case clearly discloses that plaintiff failed to introduce proof tending to establish the allegations of his complaint that the board of county commissioners ordered said road opened without the petition therefor being accompanied by satisfactory proof, or any proof, that the notice of the presentation thereof had been given as required by law,—that is, by posting such notices in three public places in the vicinity of said proposed road, and on the front door of the county clerk's office, thirty days prior to the presentation of the petition to the county commissioners, and " that no such notices were in fact posted." Nor did plaintiff introduce proof tending to support the allegation of his complaint that when the board of county commissioners appointed viewers to view, mark out, and report upon said road the county commissioners did not cause notices to be posted in three of the most public places along the proposed new road five days previous to the date fixed for the view thereof, giving notice to the parties interested of the time fixed by the county commissioners for the viewers to meet and proceed to discharge their duties in the premises, as provided by statute; and " that no such notices were posted." Nor was there proof introduced tending to show that no report of at least a majority of the viewers, showing the discharge of their duty in the premises, was returned to the board of county commissioners.

We understand from the presentation of this appeal by counsel that in overruling the motion for nonsuit the trial court proceeded upon the theory that, if the affidavits affirming the posting of the required notices in such proceedings, or a report of the viewers, were not found among the files of the county clerk's office the conclusion must follow that no such proof or report was produced before the board of county commissioners at the proper time, when it acted upon the matters under consideration. (Comp. Stats., div. 5, §§ 1809, 1810, 1815.) And it was further held that if the affidavits showing the posting of such notices were absent from the files of the county clerk's office it must be concluded, as charged in the complaint, that no notices were posted, as required by law. The absence of an affidavit or other paper required to be

returned in such proceedings is not sufficient to establish such a negative as alleged in the complaint, or to give rise to the presumption that the board of county commissioners proceeded in the matter under consideration contrary to the provisions of statute. (*Stockle* v. *Silsbee,* 41 Mich. 615.) Moreover, there is in this record no testimony by the proper custodian that such affidavits and report of the viewers cannot, with diligent search, be found among the files of the county clerk's office. From all that appears in this record, it was not even shown that all the files of the county clerk's office relating to the establishment of said road had been introduced in evidence when plaintiff rested in his production of testimony. Such was the *status* of the case when appellants' motion for nonsuit was made and overruled. By this ruling of the court plaintiff appears to have been relieved of the burden of establishing the allegations of his complaint, charging such material omissions by the board of county commissioners in their proceedings in reference to the opening of said road.

When the motion for nonsuit was overruled, defendants did not rest the case, as they might have done in view of the state in which plaintiff left it, on closing the introduction of his proof. Defendants offered evidence tending to contradict the allegations of the complaint; and, upon offering to prove by a witness that he actually posted the notices of the time fixed for the meeting of the road viewers, such evidence was excluded, on the objection that it was not the best evidence of that fact. It would seem to be an unnecessarily harsh ruling to hold that, if the affidavits were not found among the files of said office, the fact of having actually posted the required notices could not be proved by evidence of a qualified witness, who had knowledge of the actual posting thereof. That character of testimony is regarded by courts as more weighty than a mere affidavit, because subject to more searching tests of verity. It is true that the statute requires that the proof of the posting of such notices shall be shown by affidavits filed in the office of the county clerk and recorder. (Comp. Stats., div. 5, §§ 1809, 1810.) Nor should the filing of such affidavit be neglected. But the absence of such an affidavit from the files of that office does not alone prove that the county com-

missioners neglected or violated the duties imposed upon them
by law in the matter of opening a road, or that such affidavits
never were filed, as charged in the complaint. If so, the loss
of a paper from the files, and the mere showing of its absence,
would convict those officers of such dereliction and of trespass,
as was sought in this case, and subject them to answer in dam-
ages, although in fact there may have been the most faithful
and careful observance of the requirements of law on their part.
The doing of the various acts required by law in reference to
opening a public highway, and not the.mere paper evidence
thereof, is what authorizes the opening of such road by the
proper public agents; and the neglect of doing those things
renders void or voidable such proceedings.

Negligence on the part of the proper officials to have filed
and recorded, as the law requires, the proper records in such a
matter is censurable and punishable. And while it may be
that the manner of keeping records in said office, or the delin-
quency in that respect, merits severe censure, still it would not
be conformable to reason or well-established principles of law
to declare void the proceedings for opening a road because a
required affidavit, for instance, showing the posting of certain
notices was not among the files or records of the proper office,
if in fact the required notices were posted, and such fact could
be shown by evidence considered more weighty than an *ex parte*
affidavit, because such holding would exclude the force and
effect of the substantial fulfillment of law in such matters,
and make the decision turn rather upon a particular method of
showing such fulfillment. And pursuing such theory, although
the requisite acts were done, and could be shown by evidence of
even greater weight than such affidavit, the proceeding would be
declared void, because it was not shown by such affidavit. Mr.
Justice Cooley, in an analogous consideration, and with his usual
clearness, in *Stockle* v. *Silsbee,* 41 Mich. 615, cited above, shows
that the law regards the substance of things done in such mat-
ters, rather than to make the manner of proving it the criterion
for decision when the proceeding is attacked as void. Numer-
ous decisions could be cited to the same effect, but we deem the
rule so strongly intrenched in reason as to need no citation to
show its justness and propriety. If, however, official conduct

as to compliance with the requirements of law in keeping records was under inquiry delinquency in that regard could not be excused by showing that the required thing was done, although the required record thereof was neglected. That is not the point under consideration in this case, but the observation is pertinent, as relieving this treatment of any implication that such official negligence may, or would be, in the proper inquiry, passed over as unimportant.

Plaintiff properly alleged in his complaint that the commissioners and road supervisor neglected to do certain material things required by statute to give them jurisdiction in the premises. But when it came to the proof plaintiff did not offer evidence tending to prove the omissions charged. With introducing certain papers and records from the county clerk's office concerning the opening of said road, and without even showing that these were all the papers and records filed therein concerning that matter, or that search had been made for others, he rested his case. From these disclosures of the record it clearly appears that the motion for nonsuit should have been granted.

There are other assignments of error as to introduction of proof upon the question of damages. The averments of the complaint as to damage resulting from the acts of defendants are as follows:

"That on or about May 4, 1889, the defendant, Thomas Clark, acting under the authority and orders made by said defendants John R. Latimer, W. J. Kennedy, and John Dooley, acting as board of county commissioners for said county of Missoula, entered upon the land so in possession of plaintiff as aforesaid, and threw down his fences, and exposed his crop, and has, from the said fourth day of May, 1889, kept said fences open, and the crop of plaintiff exposed, and threaten to keep open a public road through and over the land in possession of plaintiff as aforesaid."

The amount of damage resulting from said acts of defendants is not alleged. The complaint, after averring that defendants assumed to act by authority of their office and certain proceedings in opening a public highway through said field, and their

various omissions to comply with the statute in that respect, then closes with the prayer that plaintiff "therefore prays for judgment against the defendants in the sum of five hundred dollars for damages for the trespass aforesaid, and for injunction restraining defendants," etc., from opening and keeping open said road.

The omission to allege the amount of damage resulting from the wrongful acts of defendants, complained of, in throwing down plaintiff's fence, and exposing his crop, is an example of the looseness with which this pleading is drawn, as regards its allegation of damages. But the particular point on which error is urged is that under the allegations of said complaint it was error to admit, over defendants' objection and exception, evidence of the damage to a crop of wheat, hay, or pasture, by reason of stock entering by the way opened by defendants, and destroying the same, because it is only alleged that the crop of plaintiff was *exposed* by opening said fences, and not that the crop was damaged by the entering of the stock thereon. Nor is there any allegation that any particular kind or quantity or value of crop was destroyed, or even that any cattle entered the field through the way opened. The only allegation is that plaintiff's crop was exposed, without averring that it was damaged in any manner or amount whatever. It would be just as pertinent to this allegation to prove damage for money paid out by plaintiff in hiring servants to guard the place opened, as to prove damage for stock entering, under the allegations of this complaint; either of which items of damage might be permissible if the foundation for proof were laid in the pleading. But if either could be properly proved without a more particular allegation, how could a defendant apprehend what damage would be proved against him, and prepare to rebut the charges? (Boone's Code Pleading, § 18, and cases cited.)

On the points mentioned the pleading is unquestionably defective, and it was error to admit such proof over the objection of defendants thereto.

As shown above, the motion for nonsuit should have been granted. An order will therefore be entered remanding the cause, with directions to the trial court to reverse the judg-

ment, and enter nonsuit therein according to the requirement of statute in such cases.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concurred.