STATE, APPELLANT, *v.* AUCHARD, RESPONDENT.

[No. 1272.]

[Submitted Nov. 23, 1898.   Decided Dec. 19, 1898.]

*Highways — Establishment — Prescription — Evidence — Statutes.*

1. Under Compiled Statutes 1887, Fifth Div., Sections 1809, 1810, providing that, on petition presented to the county commissioners for a county road, they shall appoint viewers to mark out the road, and give parties in interest notice that, at a time fixed, the viewers shall meet at a designated point to attend to their duties, and that proof of such notice shall be made by affidavit accompanying the petition, it is necessary to jurisdiction that the affidavit show that notice of the place, as well as the time, of the meeting of the viewers, was given.

2. Adverse use by the public for the period named in the statute of limitations will establish a highway by prescription, but the title will be confined to the very way traveled during the period, unless an attempt has been made by the proper authorities to erect a highway, when the extent of the title will be measured by the claim exhibited by the proceedings.

3. A highway by prescription does not exist unless the proof shows that the general public has used the way as one common to all the public, without substantial interruption, for the time prescribed by the statute of limitations applicable to lands.

4. Political Code 1895, Section 2600, providing that all highways laid out or erected by the public, or now traveled or used by it, are public highways, is a remedial statute, intended to cure irregularities, but not to supply jurisdiction, where none was acquired in the creation of such highways.

5. Where a road has been traveled by the public generally as a highway, and is kept in repair by the road authorities, a legal presumption arises that it is a public highway.

6. Evidence that one person had traveled a road "off and on" for several years, and another had seen the road, and "had frequently passed through there," for 18 or 19 years, is not sufficient proof that the road was open to the public generally for the period prescribed by the statute of limitations.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

DAVID AUCHARD was acquitted of the charge of obstructing a public highway, and the State appeals.   Affirmed.

*R. R. Purcell, County Attorney,* and *C. B. Nolan, Attorney General,* for the State.

*S. A. Balliet,* for Respondent.

PER CURIAM.—Defendant was tried upon an information drawn under Section 2726 of the Political Code, charging him

with obstructing a public highway in January, 1898.    At the conclusion of the evidence in behalf of the State, defendant moved that the jury be directed to find for defendant upon the ground that no legal highway had been shown to exist.    The motion was, in effect, granted, and the defendant discharged. The State appeals.    That the court peremptorily instructed the jury to acquit, instead of advising them to do so (Section 2096, Penal Code), is not assigned as error.

The questions presented upon this appeal may be disposed of in a few words.    The State contends that a legal highway was proved to have been laid out and established by virtue of proceedings conducted in compliance with the provisions of Sections 1809–1822, Fifth Div., Compiled Statutes of 1887. The court below held that there had been an omission to observe the requirements of these statutes with respect to the giving of certain notices necessary to the jurisdiction of the Board of Comissioners.    The order opening the road for travel was correct in form, but we agree with the learned judge who tried the case that, in the steps taken between the filing of the petition and the final order, there was a material departure from the mandatory provisions of section 1810, which requires notice of the place, as well as the time, where the viewers will meet to view and mark out the road, to be posted, and that proof thereof shall be made by affidavit.    At the time of the trial there was not on file an affidavit showing that notice of the place of meeting was given, nor was the proof which should have been made by affidavit supplied by the production of oral testimony or otherwise, if evidence other than an affidavit might properly be received.    (See *Carron* v. *Clark,* 14 Mont 301, 36 Pac. 178.)    The notice by the viewers that they will meet at a certain time and place is a sort of warning, in the nature of a summons, the office of which is to advise all persons interested of the matter in hand, to the end that they may appear before, and be heard by, the viewers.

It is further contended that the evidence made out a *prima facie* case of a highway by prescription.    The law, doubtless, is that a highway may be established by prescription as well

as by proceedings taken in conformity with legislative authority
(Elliott on Roads and Streets, 133; 9 Am. and Eng. Ency.
Law, 366); and that the adverse user by the public for the
period prescribed by law as sufficient to bar an action for the
recovery of the land so used will establish a title by prescrip-
tion, which title must be confined to the very way claimed and
traveled during the period, unless an attempt has been made
to erect a highway by the proper authorities, under color of
which the public had acted by using the way for the requisite
period.    In that event, it is clear the extent of the easement
or title is to be measured by "the claim exhibited by the pro-
ceedings and by them intended to be established.    This is in
strict accordance with the elementary principle of the law of
real property, which declares that, where there is color of
title, and possession of part is taken under the claim of title,
it will cover the whole, but that where there is no color of
title the right will not extend beyond the actual possession—
the *pedis possessio.*"    (Elliott on Roads and Streets, 136, and
cases there cited.)    This doctrine seems to be recognized in
Chapter 2, Title 3, First Div., Compiled Statutes of 1887, and
by Section 1391, Civil Code, and Chapter 2, Title 2, Section
486, Code of Civil Procedure, 1895.    A highway by prescrip-
tion does not exist unless the proof establishes that the general
public has used the way, without substantial interruption, for
the time fixed by the statutes of limitation applicable to lands.
The road must be known and used as a highway "common to
all the people" (Elliott on Roads and Streets, 138, and cita
tions); and Section 2600, Political Code, adopted in 1895,
providing that "all highways and roads laid out or erected by
the public, or now traveled or used by the public, or if laid
out or erected by others, dedicated or abandoned to the pub-
lic, or made such by the partition of real property, are public
highways," must, in so far as applicable here, be interpreted
as a remedial statute, curing irregularities, but not supplying
jurisdiction, where none was acquired, in the creation of the
roads, and as recognizing the existence of highways by pre-
scription when they had been used or traveled by the people.

generally for the period named in the statutes of limitation. It is also doubtless true that if the road had been used and traveled by the public generally as a highway, and is treated and kept in repair as such by the local authorities whose duty it is to open and keep in repair public roads, proof of these facts "furnishes a legal presumption, liable to be rebutted, that such road is a public highway." (*Eyman* v. *People*, 1 Gilman, 4; *Board* v. *People*, 116 Ill. 466, 6 N. E. 475; *Hall* v. *State*, 13 Tex. App. 269.) There was not evidence of the adverse use of the way obstructed by defendant sufficient to go to the jury. One witness testified that he had traveled the road "off and on" for several years; and another said he had seen the road, and "had frequently passed through there" for 18 or 19 years, and that the obstruction was in the "regular traveled road," or "where the road had been traveled." Manifestly this, of itself, is not proof that the road was open to the public generally, and was traveled by them during the period prescribed by the statute. Neither does the evidence show that the road had been kept in repair by the county, or that any money had been expended upon it.

Some suggestion is made that the road is a highway by dedication. Suffice it to say that the elements necessary to prove a dedication of the way in question were not proved. The order appealed from is affirmed.

*Affirmed.*