MONTANA ORE PURCHASING CO., Appellant, *v.* BUTTE & BOSTON CONSOLIDATED MIN-ING CO. et al., Respondents.

(No. 1,318.)

(Submitted April 16, 1901. Decided June 24, 1901.)

*Highway — Prescription — Limitations — Injunction — Evidence—Discretion.*

1. Plaintiff for several years had hauled the ore from its mine across defendant's land to a public highway. The public had traveled across the land where they chose since 1887, but the particular road since traveled by plaintiff was constructed by persons hauling its ores under contract in 1893. *Held,* that plaintiff had not acquired a prescriptive right to such road under Compiled Statutes of 1887, Div. I, Sec. 29, fixing a limitation of five years for actions to recover real property, when the Code of Civil Procedure took effect, July 1, 1895, which, in Section 483, prescribes a limitation of ten years, since such right over uninclosed land cannot be acquired until the travel has been confined to a particular way for the length of time prescribed by such statutes.

2. Where, on an application for an injunction *pendente lite* to restrain defendants from obstructing a private road which plaintiff claims by prescription, the evidence is conflicting, the finding of the trial court that such right has not been acquired, and order denying an injunction, should be affirmed.

3. Under Political Code, Sec. 2600, providing that roads laid out or erected by others than the public, dedicated or abandoned to the public, are public highways, such dedication or abandonment is not shown by mere user until the period of limitations of actions to recover real property has elapsed.

4. Where, on an application for injunction to restrain the obstruction of a road, the trial court admitted irrelevant evidence, its order should not be reversed on that ground, if there was sufficient competent evidence to sustain its findings, since it will be presumed that its decision was based on such competent evidence.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by the Montana Ore Purchasing Company against the Butte & Boston Consolidated Mining Company and others. From an order refusing a preliminary injunction, plaintiff appeals. Affirmed.

*Messrs. McHatton & Cotter* and *Messrs. Clayberg & Corbett,* for Appellant.

*Messrs. Forbis & Evans,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

This action was instituted by the plaintiff for the purpose of obtaining a perpetual injunction restraining the defendants from obstructing a certain way or road used by plaintiff in hauling lumber and other supplies to its mines and in conveying the ores extracted therefrom to its smelter. The smelter is situated near Meaderville, in Silver Bow county, northeast of Butte. The public highway leading from Butte to Meaderville runs first east from Butte, and then north, passing immediately to the west of the smelter. A short distance to the south of the smelter the road in controversy leaves this highway, and leads off in a northwesterly direction, passing over the Never Despair, Michael Devitt and other patented mining claims belonging to the defendant Butte & Boston Consolidated Mining Company, to the Rarus and Johnstown mines, which belong to the plaintiff. The Michael Devitt claim lies in an easterly and westerly direction contiguous to and west of the Never Despair claim, and the road in question, entering upon the former claim near the southeast corner, passes diagonally over it towards the northwest. At the time this suit was brought, the defendant corporation, through the other defendants, its officers and agents, was engaged near the southeast corner of the Michael Devitt claim in making excavations for the foundations of a boiler house and ore bins, which it intended to use in hoisting and storing ore from a shaft sunk on the Never Despair claim, a short distance to the east. The complaint alleges that these operations of the defendants had seriously obstructed the road, and deprived the plaintiff of a free passage over it; that the said road had for many years been used and traveled by the public generally with the knowledge and acquiescence of the defendant corporation and its predecessors, and in common with them; that the same is a public highway by prescriptive use; and that the obstructions created by the defendants would result in special damage to plaintiff, in that they cut off all access

to its mines, and necessitate a complete suspension of its oper-
ations.   The plaintiff also alleges that it has a special easement
in the said way by prescriptive use by itself and its prede-
cessors.

The defendants admit that their operations interfere with
free passage over the road, but deny that the road is a public
highway by prescriptive use or otherwise, or that plaintiff has
a special right or easement therein.   Upon the filing of the com-
plaint the district court made an order to show cause why an
injunction *ad litem* should not issue.   Upon a hearing the order
was discharged, and the injunction denied.   The plaintiff has
appealed.

1.   The principal question presented to this court is whether
the district court abused its discretion in refusing to issue the
injunction as prayed.   We do not think it did.

Plaintiff did not claim, nor did it make any effort to show,
that the authorities of Silver Bow county had ever attempted
to establish by the ordinary legal proceedings, or to assume
control over, the road in controversy, or that plaintiff had ever
secured a right of way therein under the provisions of the stat-
ute regulating the procurement of access by private roads to
mines and mining claims.   (Compiled Statutes 1887, Fifth
Division, Secs. 1496-1507; Political Code, Secs. 3630-3641.)
Its effort was directed altogether to an attempt to show adverse
user by the public for the period prescribed by law as sufficient
to bar a recovery of the land occupied by the road, and, in case
the evidence fell short of establishing this, to show that the user
by plaintiff had been exclusive and adverse for this period; so
as to establish the right to such a private way as is provided for
under the sections of the statute cited, and thus to bring the
case within the principle of *State* v. *Auchard,* 22 Mont. 14,
55 Pac. 361.   Under the law as declared in that case, a high-
way by prescription exists only where the general public has
used the way without substantial interruption for the period
of time fixed by the statutes of limitation applicable to lands.
By analogy, and of necessity, the same rule applies to private

ways provided for under the statutes cited. Prior to July 1, 1895, when the present Code went into effect, the limitation fixed by law was five years. (Comp. St. 1887, First Division, Sec. 29.) Under the new Code the limitation was changed to ten years. (Code Civ. Proc. Sec. 483.) The new limitation was also made to apply to all causes of action not already barred under the old law, the same as if they had arisen after the Code went into effect, except that the time already elapsed should be counted as a part of the limitation under the Code. (Code of Civil Procedure, Secs. 3455, 3456, 3482; *Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566; *Sherman* v. *Nason,* 25 Mont. 283, 64 Pac. 768.) This suit was brought on April 29, 1898. Under the rule established by the Code, if the limitation had expired on July 1, 1895, plaintiff's rights were not affected by the Code provision; but, if the limitation had not then expired, the new limitation applies, and the time already elapsed on July 1, 1895, should be counted as a part of the ten-year limitation. The plaintiff's evidence tended to show that there had been a considerable amount of travel over the Michael Devitt and the adjoining claims, beginning as early as 1887 or 1888, from the neighborhood of the smelting works, and from along the line of the Meaderville road in the direction of plaintiff's mines, and thence towards the northwest to other mines and to the village of Walkerville, and that there had existed from that time a well-defined way for teams. It is thus seen that this evidence tended to establish a highway by prescription. On the other hand, however, defendants submitted evidence tending to show that the whole country in that neighborhood was open and uninclosed; that people generally traveled over it in any direction they chose; that no well-defined track or way existed anywhere in the neighborhood of the road in question until the summer of 1893, when parties who had made a contract with plaintiff to haul ore from its mines to its smelter constructed the road for their own convenience, without aid or direction from plaintiff. The evidence thus presented a sharp conflict, and it is apparent that the district court found in favor

of defendants' contention.    Upon this theory of the case the
contention that the road is either a public or private way by
prescriptive use cannot be sustained; for, if the way did not
become fixed and defined until 1893,—and we cannot say that
the district court was wrong in finding this to be the fact,—
the new limitation must be applied, and the plaintiff's conten-
tion fails.    For we understand the rule to be that, where the
claim is founded upon use only, without color of title, it must
appear that the use has been confined to the particular way
for the full time of the prescribed limitation.    (*State* v. *Auch-
ard, supra.*)    Travel by the public generally over uninclosed
land, but not confined to any particular way, will not inaugu-
rate such an adverse claim as will presently ripen into a right
which may be asserted against the owner.    (*State* v. *Auchard,
supra;* Elliott on Roads and Streets (2d Ed.) Sec. 175.)    The
evidence being in conflict, and the finding of the district court
thereon not appearing to be the result of an unwise exercise of
discretion, this court will not interfere.    That court saw and
heard the witnesses, and we would not be justified in saying
that it was an abuse of discretion to give credit to those who
testified in behalf of defendants.

Upon the whole case the defendants made a reasonable show-
ing that the plaintiff's claims are unfounded in fact, and, under
the rule heretofore declared by this court in similar cases,
the order will not be reversed on the ground that the trial court
might have entertained a different view.    (*Parrot Silver &
Copper Co.* v. *Heinze,* 25 Mont. 139, 64 Pac. 326, and cases
cited.)

Counsel argue that, as it appears from the evidence that the
road in controversy had been in use for more than five years
at the time of its obstruction, it is a public highway within the
meaning of Section 2600 of the Political Code.    This section
was construed in *State* v. *Auchard, supra,* as "a remedial stat-
ute, curing irregularities, but not supplying jurisdiction, where
none was acquired, in the creation of the roads, and as recog-
nizing the existence of highways by prescription when they had

been used or traveled by the people generally for the period named in the statutes of limitation." It is not susceptible of the construction contended for by the plaintiff.

2. The court admitted, over the objection of the plaintiff, evidence tending to show the character of the buildings which the defendants were engaged in erecting, and the amount intended to be expended thereon. Counsel for appellant contend that this evidence was irrelevant and immaterial, and that the action of the trial court in admitting it was prejudicial. We are not prepared to say that the evidence was not properly admitted, but, conceding that plaintiff's position is correct, we think the error without prejudice. Presumably the trial court based its findings upon such of the evidence before it as was competent, excluding from consideration such as had no weight or relevancy. The other evidence in the record, the competency of which is unquestioned, was sufficient to justify the findings, and the order will not, therefore, be reversed. (*Merchants' Nat'l Bank* v. *Greenhood,* 16 Mont. 395, 41 Pac. 250, 851.)

The order is affirmed.