STATE EX REL. DANSIE, APPELLANT, *v.* NOLAN, RESPONDENT.

(No. 4,483.)

(Submitted June 1, 1920.   Decided June 25, 1920.)

[191 Pac. 150.]

*Highways — Public Lands — Prescription — Evidence — Insufficiency—Pleading and Practice.*

Appeal and Error—Evidence—Complaint—When Deemed Amended to Conform to Proof.

1.   Where evidence is admitted without objection on a theory not warranted by the complaint, the pleading will on appeal be deemed amended to conform to the proof.

Highways—Injunction Against Closing—Right of Action.

2.   If one's land is so situated that he cannot gain ingress or egress for the purposes of cultivation and caring for his livestock, without the use of a road sought to be closed, he has such a special and vital interest in keeping it open, not shared by the public, as entitles him to maintain an action to enjoin its closing.

Same—Public Lands—Nature of Grant of Right of Way.

3.   *Held,* that the grant of a right of way for the construction of a highway over public lands not reserved for public use, made by section 2477, U. S. Rev. Stats., is not one *in praesenti,* but is no more than an offer of so much land as may be necessary for the purpose of a right of way, and takes effect or becomes fixed only when a highway is definitely established or constructed in some one of the modes authorized by the laws of the state, *inter alia* by user by the public of the exact route confined to the statutory width of a highway for the period of the statute of limitations as to lands, *i, e.,* ten years.

Same—User—What Insufficient.

4.   The mere casual journeying by stockmen, trappers and settlers over what was thereafter claimed to have become a right of way for a public road was insufficient to constitute the trail thereby made a public highway by user.

Same—User—Evidence—Insufficiency.

5.   Evidence that a road over public lands had been used "since the early '90's" was not sufficient to establish a right by user prior to July 1, 1895.

[For authorities passing on the question of amendment of pleadings in appellate court to conform to proof, see note in L. R. A. 1916D, 841.   On effect of mere use of highway over public domain as acceptance of grant of right of way, see note in 9 L. R. A. (n. s.) 1223.]

*Appeal from District Court, Beaverhead County, in the Fifth Judicial District; Jeremiah J. Lynch, a Judge of the Second District, presiding.*

PROCEEDING by, the State, on the relation of Parley A. Dansie, against Joseph P. Nolan, to enjoin the closing of a road. From an order dissolving a temporary restraining order and denying an injunction *pendente lite*, the relator appeals. Affirmed.

*Mr. Wellington D. Rankin, Mr. A. H. McConnell* and *Mr. C. W. Robinson,* for Appellant, submitted a brief; *Mr. Rankin* argued the cause orally.

By a long and unbroken line of decisions it has been uniformly held that pursuant to the grant by the federal government in section 2477, Revised Statutes of the United States, the mere use of premises for a road over the public domain by the public is sufficient to establish the same as a road. The acceptance of the grant may be .made either by the public itself by using the same for a highway, or by public officials assuming control over the same. (See *Van Wanning* v. *Deeter,* 78 Neb. 282; 110 N. W. 703; *Wallowa County* v. *Wade,* 43 Or. 253, 72 Pac. 793.) The length of time that the road was used by the public is immaterial. (*Hughes* v. *Veal,* 84 Kan. 534, 114 Pac. 1081.) In the case of *Murray* v. *City of Butte,* 7 Mont. 61, 14 Pac. 656, this court by positive declaration announced that an acceptance of the grant from the federal government may be proven by use and occupation of the land for a road. (See, also, *City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593; *Schwerdtle* v. *Placer County,* 108 Cal. 589, 41 Pac. 448; *Wells* v. *Pennington County,* 2 S. D. 1, 39 Am. St. Rep. 758, 48 N. W. 305; *Okanogan County* v. *Cheetham,* 37 Wash. 682, 70 L. R. A. 1027, 80 Pac. 262; *Tholl* v. *Koles,* 65 Kan. 802, 70 Pac. 881; *Streeter* v. *Stalnaker,* 61 Neb. 205, 85 N. W. 47.)

That a dedication may be accepted by the general public by user there can be no doubt (18 Corpus Juris, sec. 73), or by legislative enactment (*Id.,* sec. 78; *Keen* v. *Board of Suprs.,* 8 S. D. 558, 67 N. W. 623; *Smith* v. *Mitchell,* 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667; *Molyneux* v. *Grimes,* 78 Kan.

830, 98 Pac. 278; *Cassidy* v. *Sullivan,* 75 Neb. 847, 106 N. W. 1027.)

*Messrs. Norris, Hurd & Collins,* for Respondent, submitted a brief; *Mr. John Collins* argued the cause orally.

The complaint is insufficient. Plaintiff merely alleges that he is a sheep-grower, having lands, sheep, camps and equipment. There is nothing to show that plaintiff has suffered injury, either greater in amount or different in character from those suffered by all citizens in the community. The wrongs of which he complains are against the public generally. (22 Cyc. 910; *Gilbert* v. *Greeley etc. Ry. Co.,* 13 Colo. 501, 22 Pac. 814; *Commissioners of Barber County* v. *Smith,* 48 Kan. 331, 29 Pac. 565; *Amusement Syndicate Co.* v. *Topeka,* 68 Kan. 801, 74 Pac. 606.)

The mere user, by a few persons, not settlers, without any affirmative act by the public authorities looking toward the acceptance, construction and improvement of the alleged highway, does not constitute an acceptance of the grant contemplated in section 2477, Revised Statutes of the United States. (*Streeter* v. *Stalnaker,* 61 Neb. 205, 85 N. W. 47; *Town of Rolling* v. *Emrich,* 122 Wis. 134, 99 N. W. 464; *Cross* v. *State,* 147 Ala. 125, 41 South. 875.) Of the necessity of affirmative action by the public authorities, in maintaining a highway acquired by prescription, see *State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361; *Montana Ore Pur. Co.* v. *Butte & B. etc. Min. Co.,* 25 Mont. 427, 65 Pac. 420; *Barnard Realty Co.* v. *City of Butte,* 48 Mont. 102, 136 Pac. 1064.

A highway may not be established under section 2477 by user alone unless shown to have continued for the full statutory period prior to July 1, 1895. (*Vogler* v. *Anderson,* 46 Wash. 202, 123 Am. St. Rep. 932, 9 L. R. A. (n. s.) 1223, 89 Pac. 551.)

Travel by camp-tenders, cowpunchers, trappers and other migratory persons over public lands, in going to and returning from a public range or hunting grounds, is not such a pub-

lic use as is contemplated in said section. (*Town of Rolling v. Emrich, supra.*)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is a special proceeding to enjoin the defendant from closing a certain road. A temporary restraining order was issued, together with an order to show cause. The defendant moved to dissolve the temporary order and to deny the injunction *pendente lite,* and, in connection therewith, filed an affidavit setting up the facts as he viewed them. The court held the motion in abeyance until the evidence was all in, whereupon its order was entered dissolving the temporary restraining order and denying the injunction *pendente lite.* From this order relator appeals.

The complaint alleges, in substance, that the road in question is a public highway established by prescription, and that "said road crossed the lands of the defendant at the time the defendant entered into possession of the lands owned by him"; that the relator maintains a sheep camp on certain lands owned by him adjoining the lands of the defendant, and that the road in question is the only road by which his lands can be reached; that he desires to cultivate his land and will suffer irreparable injury if deprived of the use of the road. The affidavit filed by defendant supplies the additional facts that defendant is a homestead entryman who filed on the land in the year 1915, and that title is still in the government.

Evidence was introduced on the hearing tending to show that the road in question had been traveled for more than twenty years prior to the commencement of the action, by stockmen and trappers and, since 1915, by settlers in the vicinity. While the testimony is that the trail was traveled since "some time in the early '90's," it discloses that the route was not originally the same as at the time of the commencement of the action.

1. Counsel for defendant contend that the cause was origi-
[1]   nally tried on the theory of a right by prescription and
that relator changed his theory to that of dedication by the
government after the order complained of was made. While
the complaint is silent as to the nature of the land, the affi-
davit of defendant remedied this defect, and evidence was
submitted, without objection, which would tend to support
the latter theory. The complaint will therefore be deemed
amended to conform to the proof (*Ellinghouse* v. *Ajax Live-
stock Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481;
*Moss* v. *Goodhart,* 47 Mont. 257, 131 Pac. 1071; *Lackman* v.
*Simpson,* 46 Mont. 518, 129 Pac. 325; *Post* v. *Liberty,* 45
Mont. 1, 121 Pac. 475), and we will dispose of the matter on
the assumption that the questions here presented were duly
presented to · the lower court.

2. It is urged that the wrong, if any, was to the general
[2]   public, and that relator is not entitled to maintain this
action. It would seem, however, that if relator's land is so
situated that he cannot gain ingress and egress without the
use of the road, and that it is necessary for him to pass to
and from his land in order to care for his sheep and cultivate
his land, he would have a special and vital interest in main-
taining the road, not shared by the general public. Such is
the holding in *Highbarger* v. *Milford,* 71 Kan. 331, 80 Pac.
633. He would therefore, in our opinion, be in a position by
reason of the special injury to him, to maintain the action.

3. The only question seriously presented herein is: Was the
road, at the time the defendant sought to close it, a public
highway?

It is admitted that the road was never constructed or estab-
lished by order of the county authorities nor by them worked
or repaired, other than that, after Nolan settled on the land
and constructed an approach to his place, the county, in con-
structing a cross-road, made this approach impassable and
thereafter, on complaint of Nolan, a county employee repaired
it to this extent. The contention of relator now is that sec-

tion 2477 of the Revised Statutes of the United States (U. S. Comp. Stats., sec. 4919), which provides that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted," is a dedication of the public domain for road purposes, and that the enactment of section 1337 of the Revised Codes of 1907 which was enacted in 1903, was an acceptance of the grant as of that date. It is further contended that "By section 1340 of our Codes, it is specifically provided that a road may be established *by use* when a dedication of the same has been made *by the owner.*" The sections of the Code referred to read as follows:

"Sec. 1337. All highways, roads, streets, alleys, courts, places and bridges laid out or erected by the public or now traveled or used by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such by the partition of real property, are public highways."

"Sec. 1340. A highway laid out and worked and used as provided in this Act must not be vacated or cease to be a highway until so ordered by the board of county commissioners of the county in which said road may be located; and no route of travel used by one or more persons over another's land shall hereafter become a public road or byway [highway?] by use, or until so declared by the board of county commissioners, or by dedication by the owner of the land affected."

These provisions are not, however, as counsel seem to urge, original declarations on the subjects embraced, but are merely the re-enactment, on the codification of the highway laws, of sections 2600 and 2603 of the Political Code adopted July 1, 1895, and any change in the law or in the status of the public by reason of such declarations must be considered as of the last-mentioned date.

Section 2477 of the Revised Statutes of the United States [3] goes no further than to grant a right of way for the *construction* of a highway across public lands; it does not extend to the entire tract of land and cannot constitute a "dedica-

tion by the owner of the land," as contemplated by that por-
tion of section 1340, Revised Codes, relied on by counsel. It
is inconceivable that it was the intention of Congress and of
the legislature to say that two or more persons crossing at
random on each of a dozen trails across an open quarter-
section of land could constitute an acceptance of the govern-
ment grant as to each of such trails, and the entire quarter-
section thus become but a series of irregular and divergent
rights of way. The grant is but an offer of the right of way
for the construction of a public highway on some particular
strip of public land, and can only become fixed when a high-
way is definitely established and constructed in some one of
the ways authorized by the laws of the state in which the land
is situated.

Prior to July 1, 1895, a public highway could have been
established either by the act of the proper authorities, as pro-
vided by the statute, or by use by the public, for the period
of the statute of limitations as to lands, of the exact route con-
fined to the statutory width of a highway, later claimed to be
a public highway, or by the opening and dedication of a road
by an individual owner of the land, or on a partition of real
property. On that date it was declared by section 1340 that
thereafter no route of travel used by one or more persons over
the lands of another should become a public highway, except
in the manner provided in the statute. Whether the establish-
ment of the road was before or since July 1, 1895, by what-
ever method it was accomplished, it must have been under
[4] some legal authority; the mere casual journeying over
what might thereafter become the right of way for a public
road could not constitute the trail, thereby made, a public
highway. In other words, the government, by the enactment
of section 2477 of the Revised Statutes, offered to the public
the right of way for such highways across the public lands as
may be found to be necessary; but this offer can only be
accepted by the "construction" of a public highway in some
one of the ways in which they can be legally established, and

becomes effective as a right of way only when the road is thus finally constructed. If, therefore, the offer is accepted by user under the laws of this state, that user must be shown to have continued over the exact route claimed, for the statutory period prior to July 1, 1895.

Sections 1337 and 1340 were repealed in 1913 (Laws 1913, p. 139); but the provisions of section 1337 were re-enacted as section 3 of Chapter 1 of the "General Highway Law," and, on the amendment thereof, were continued in force (Laws 1915, p. 319). The provision contained in section 1340, concerning the establishment of a road by use, does not appear in the "General Highway Law" of 1913–15. However, whatever the effect of the omission, it cannot aid relator in this action, as the period of the statute of limitations referred to is ten years. (Sec. 6432, Rev. Codes.)

This precise question was before the supreme court of Washington in the case of *Vogler* v. *Anderson,* 46 Wash. 202, 123 Am. St. Rep. 932, 9 L. R. A. (n. s.) 1223, 89 Pac. 551, and it was there said: "The trial court based its judgment on the theory that the Act of Congress granting a right of way for the construction of public highways over public lands not reserved for public use was a grant *in praesenti,* and became effective the moment the public began using the way as a public highway, and that it is not necessary that a way should be used for any specific time in order to constitute an acceptance of it as a grant under this statute. * * * But it was not said, or intended to be said, that a user for any lesser period than seven years would be sufficient for that purpose. On the contrary, to hold that a lesser period would suffice in this state would violate the terms of the grant made by Congress. The grant is for a right of way to establish a public highway, and a public highway must be established in some of the ways provided by statute before the grant takes effect. * * * The shortest period allowed by statute to establish a highway by user in this state is seven years, * * * and

no user short of this period can therefore be held to be an acceptance of the grant contained in the Act of Congress cited."

In 1898 this court, in *State* v. *Auchard*, 22 Mont. 14, 55 Pac. 361, held that "Section 2600, Political Code [now section 1337, Rev. Codes] * * * must, in so far as applicable here, be interpreted as a remedial statute, curing irregularities, but not supplying jurisdiction, where none was acquired, in the creation of the roads, and as recognizing the existence of highways by prescription when they had been used or traveled by the people generally for the period named in the statutes of limitation. It is also doubtless true that if the road had been used and traveled by the public generally as a highway, and is treated and kept in repair as such by the local authorities whose duty it is to open and keep in repair public roads, proof of these facts 'furnishes a legal presumption, liable to be rebutted, that such a road is a public highway.' "

The case of *Murray* v. *City of Butte*, 7 Mont. 61, 14 Pac. 656, cited by counsel as sustaining relator's contention, is not in conflict with the declaration in the *Auchard Case*, or with anything said herein. At the time the opinion was rendered, the statutory period was five years (sec. 29, Chap. II, Title III, Comp. Stats. 1887). The answer showed that the road in question had been in existence since 1866; plaintiff's notice of location was filed in 1875. The court said: "Section 2477 was a grant by the government of an easement, and defendant sought to prove an acceptance prior to the location upon which the patent was based. If such an acceptance of the grant of the easement could have been established, it would have been valid against the government." The proof suggested would, we take it, have been that of a right by prescription.

Likewise the opinion in the case of *Butte* v. *Mikosowitz*, 39 Mont. 350, 102 Pac. 593, but bears out the statement that the proof offered must show the establishment of a road in some one of the ways recognized by law in order to constitute an acceptance of the grant.

In *Barnard Realty Co.* v. *City of Butte,* 48 Mont. 102, 136 Pac. 1064, this court, in commenting on sections 1337 and 1340, said: "We are not now concerned with the question whether it was the intention of the legislature to declare all roads then in use to be public highways, without reference to how long the use had continued or what the character of use had been. We think, however, as was said in *State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361, that the intention was to declare those only to be public highways which had been established by the public authorities, or were recognized by them and used generally by the public, or which had become such by prescription or adverse use at the time the provision was enacted. Any other view would, in our opinion, render the legislation open to serious constitutional objection (Const., sec. 14, Art. III). Be this as it may, the second section clearly evinces the intention that no highway falling within the enumeration contained in the former section should be vacated except by the public authorities, and that no route of travel should thereafter become of public right until declared so by the public authorities or had been made so by dedication by the owner of the land affected. * * * By these enactments the legislature explicitly declared it to be the rule that after July 1, 1895, when the Codes went into effect, a highway could not be established by use unless the use should be accompanied by some action on the part of the public authorities having jurisdiction of the subject, tantamount to a declaration that the particular road was a public highway."

In *Montana Ore. Pur. Co.* v. *Butte & B. Consol. Min. Co.,* 25 Mont. 427, 65 Pac. 421, this court held: "Where the claim is founded upon use only, without color of title, it must appear that the use has been confined to the particular way for the full time of the prescribed limitation. (*State* v. *Auchard, supra.*) Travel by the public generally over uninclosed land, but not confined to any particular way, will not inaugurate such an adverse claim as will * * * ripen into a right which may be asserted against the owner."

The testimony to the effect that the road had been used
[5] "since the early '90's," even though the use had been
confined to the particular way, was not sufficient to establish
a prescriptive right prior to July 1, 1895, and, as such a right
must have been established in order that relator might prevail
herein, the order of the district court is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices
Holloway, Hurly and Cooper concur.

