JUSTICE BAKER,
concurring.
¶75 The District Court made a finding of fact that “Seyler Bridge and its approaches on Seyler Lane is a county road right-of-way that was established by prescriptive use.” No party appeals this finding, all having stipulated to it before the trial court.[1] We therefore begin with the undisputed fact that at issue is a public road. The primary issue on appeal is, having been acquired by prescriptive use, how wide is the public road where the bridge crosses the river? I agree with the Court’s decision to remand this issue for further development in the District Court. I also concur with the Court’s disposition of Kennedy’s cross-appeal. I write separately to address the principal misconception of law on which I believe the Dissent falters.
¶76 The Court correctly notes our long-standing requirement, grounded in § 70-17-106, MCA, that the width of a roadway acquired by prescription is determined “by the character and extent of its use[.]” *304 Opinion, ¶ 28. In that regard, the law requires proof by clear and convincing evidence of “open, notorious, exclusive, adverse, continuous, and uninterrupted use over the five-year statutory period.” Brown & Brown of MT, Inc., ¶ 19. See also Swandal Ranch Co., 276 Mont. at 233, 915 P.2d at 843. Thus, “the public may obtain title by adverse possession of that only which it has occupied during the full statutory period.” Portmann, 149 Mont, at 95, 423 P.2d at 58. The Court also observes two additional statutes that inform the determination of the Seyler Bridge’s width: § 7-14-2107(3), MCA (when county road established, public acquires right-of-way “and the incidents necessary to enjoying and maintaining it”), and § 60-1-103(2), MCA (bridge includes, among other things, “the approaches to the bridge [and] lands used in connection with the bridge”).
¶77 With due respect, Justice McKinnon’s Dissent is wrong in suggesting that the out-of-state authority cited by the Court does not support this holding. Dissent, ¶ 101. The cited case law uniformly makes clear that the width of a prescriptive public road “necessarily includes” both the “traveled surface area of the roadway” and the “adjacent land which is needed for the prescription to be maintained as a public road[.]” Keidel, 290 N.W.2d at 258. For similar reasons, her Dissent mischaracterizes the Court’s decision as “expanding]” the public’s right of way. Dissent, ¶ 106. The Court’s conclusion is simply that the width of Seyler Road at the Seyler Bridge “is determined by the terms of the grant or the nature of the enjoyment by which [the roadway] was acquired.” Section 70-17-106, MCA. The language of the statutes-§§ 60-1-103(2) and 7-14-2107(3), MCA-incorporates the principles reflected in the case law that “the width of a prescriptive road must be determined by actual use over the prescriptive period and may include shoulders and ditches needed to support and maintain the traveled portion of the road.” Reichman, 812 N.W.2d at 344. That the prescriptive right does not allow the public “ ‘to lay out and construct an extended and enlarged highway’ ” (Dissent, ¶ 102 (quoting Campbell, 137 So. at 112)) is precisely why a definite width of the public road right-of-way must be determined.
¶78 Justice McKinnon’s focus on the law of prescriptive easements begins with the proposition that a county road may not be acquired by prescriptive use, but must be formally accepted by the board of county commissioners. Dissent, ¶ 87. Her Dissent maintains that the laws regarding public highways should not inform the Court’s rulings in this case because the statutes do not apply to prescriptive easements. Dissent, ¶ 95.1 believe these characterizations of the law to be in error, *305 an error that leads the Dissenting Justices astray in their ultimate conclusion that the law governing primary and secondary easements controls the analysis in this case.
¶79 We have recognized that “a public easement is not the equivalent of a county road. An easement is a nonpossessory interest in land.” Pedersen v. Dawson Co., 2000 MT 339, ¶ 23, 303 Mont. 158, 17 P.3d 393 (citing Kuhlman v. Rivera, 216 Mont. 353, 358, 701 P.2d 982, 985 (1985)). With one brief interval,[2] it has long been the law in Montana that a public road may be established by prescriptive use. See State v. Nolan, 58 Mont. 167, 172, 191 P. 150, 152 (1920). Section 2600 of the 1895 Political Code provided:
All highways, roads, streets, alleys, courts, places, and bridges, laid out or erected by the public, or now traveled or used by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such by the partition of real property, are public highways.
(later modified and renumbered as § 1612, R.C.M. (1921); § 32-103, R.C.M. (1947)). That section was repealed with the enactment of the Montana Highway Code in 1965 (1965 Mont. Laws, ch. 197). In its place, the new Highway Code defined “public highways,” a definition that remains today:
“Public highways” means all streets, roads, highways, bridges, and related structures:
(a) built and maintained with appropriated funds of the United States or the state or any political subdivision of the state;
(b) dedicated to public use;
(c) acquired by eminent domain,... ; or
(d) acquired by adverse use by the public, with jurisdiction having been assumed by the state or any political subdivision of the state.[3]
Section 60-1-103(22), MCA. Although not all public highways are county roads, all county roads are public highways. See § 60-1-201(1), *306 MCA (classification of public highways).
¶80 As the Court observes, we have held that a county road may be declared based upon prescriptive use. E.g., Swandal Ranch Co., 276 Mont. at 233, 915 P.2d at 843. No party to this case contests that point. “The law, doubtless, is that a highway may be established by prescription as well as by proceedings taken in conformity with legislative authority!.]” State v. Auchard, 22 Mont. 14, 15-16, 55 P. 361, 362 (1898). The Dissent’s contrary suggestion notwithstanding (Dissent, ¶ 90), this Court in Swandal Ranch Co. expressly affirmed a district court judgment that “declared a Park County road” by prescriptive use. Swandal Ranch Co., 276 Mont. at 232, 236, 915 P.2d at 842, 844. Distinct from an easement, there is a public possessory interest in a roadway acquired by adverse use. Justice McKinnon largely focuses on a matter that is not at issue in this case: whether Seyler Lane is a county road acquired by prescriptive use.
¶81 Though not directly an issue here, the discussion is not academic and merits response. Because of Seyler Lane’s nature as a public roadway, the Court concludes that principles of primary and secondary easements do not control the determination of its width at Seyler Bridge. Rather, the width must be determined based on evidence of the “lands used in connection with the bridge” (§ 60-1-103(2), MCA), “the incidents necessary to enjoying and maintaining it” (§ 7-14-2107(3), MCA), and historical evidence of the “nature of the enjoyment by which it was acquired” (§ 70-17-106, MCA). Opinion, ¶ 38. In contrast, the Dissenting Justices would hold that Madison County has a right to lands beyond the reach of the general public, but only for the singular purpose of maintenance of the road and bridge. Dissents, ¶¶ 106,126. The distinction is important, and the Court’s construction correct, because once the width of the public road is established, the county does not have infinite rights to chip away at the landowner’s property boundary to meet its maintenance needs. As the Minnesota Supreme Court pointed out in Barfnecht v. Town Bd. of Hollywood Township, 232 N.W.2d 420, 424 (Minn. 1975), the government may accomplish its future needs for “upgrading, widening, or improving public ways” acquired by prescription through the process of eminent domain. The Colorado case cited by the Court includes a similar analysis. There, the court agreed that if the width of a public road established by prescriptive use “is to be expanded or the location changed, acquisition of additional land must be established by eminent domain or otherwise.” Lovvorn, 701 P.2d at 144. Finally, in my view, the analysis suggested by Justice Rice will apply to roads and bridges *307 subject to a public prescriptive easement, but not to cases such as this one, where there is no dispute that the right of way at issue is a public road.
¶82 By recognizing the legal effect of the District Court’s finding that Seyler Lane is a county road right-of-way that was established by prescriptive use, the Court avoids confusion between possessory and non-possessory interests and protects landowners from future encroachments outside the boundaries ofthe public right-of-way under the auspices of a secondary easement, once width is established. How those principles affect the ultimate outcome in this case, and whether the public has a right to access the Ruby River from Seyler Bridge, are not decided today but must await the development of further evidence in the District Court.[4]

 It bears noting that Madison County was a party to the stipulation.

 Section 2603 of the Political Code of Montana, enacted in 1895, provided that use alone was insufficient to establish a public highway, “until so declared by the board of commissioners or by dedication by the owner of the land affected.” The statute was amended in 1913 to delete the prohibition against creating a public highway by use alone. See Richter v. Rose, 1998 MT 165, ¶ 28, 289 Mont. 379, 962 P.2d 583.

 As the Court observes (Opinion, ¶ 9), and Madison County’s briefing makes clear, the County has assumed jurisdiction of Seyler Bridge.

 I do not address Justice McKinnon’s separate discussion of Kennedy’s cross-appeal, except to note that its criticism of the Court based on Richter (Dissent, ¶ 114 n. 10) appears misplaced. At issue in Richter was an alleged common law dedication of a public right-of-way, whereas this case involves an express dedication by Kennedy’s predecessor.