LACKMAN, APPELLANT, *v.* SIMPSON ET AL., RESPONDENTS.

(No. 3,167.)

(Submitted January 8, 1913. Decided January 21, 1913.)

[129 Pac. 325.]

*Contracts — Nonperformance—Defenses — Acceptance—Waiver —Part Payment—Pleading and Proof.*

Nonsuit—Evidence—How Viewed.
　　1.　On motion for nonsuit, the trial court must view the evidence in the light most favorable to the plaintiff and assume that it proves whatever it tends to prove.

Contracts—Nonperformance—Defenses—Acceptance—Evidence.
　　2.　In an action to recover a balance due for work and labor performed in the cultivation of sugar-beets under a contract which provided, *inter alia,* that defendants should be the exclusive judges of the efficiency of the work, and that payment should be made in four installments, beginning with the completion of the seeding of the beets and ending with the harvesting thereof, the granting of a nonsuit *held* error, where the evidence showed that plaintiff had made out a *prima facie* case of

acceptance by defendants who, though present at all times during its performance, had paid three of the four installments without objecting to the manner in which the work had been done, and whose only reason for refusing to pay the balance due was based upon alleged shortcoming in work done prior to the date the third payment has been made.

Same—Part Payment—Waiver.

3.  Part payment with full knowledge of the facts tends to prove a waiver of any defects in the performance of a contract.

Same—Waiver—Pleading—Evidence—Admissibility.

4.  Though a waiver and acceptance, like estoppel, are affirmative defenses which must be pleaded, still where evidence of either is admitted without objection, it will be given the same consideration as though warranted by the pleading of the party offering the evidence.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by Henry Lackman against Edgar Simpson and others, partners, doing business under the firm name of Simpson Brothers. From a judgment in favor of defendants and an order denying him a new trial, plaintiff appeals. Reversed and remanded.

*Mr. W. L. A. Calder,* for Appellant, submitted a brief and argued the cause orally.

Plaintiff having offered evidence that he performed all the work agreed by him to be performed, and that defendants saw the work done and made the payments as they became due under the contract, and that they received the full benefits of plaintiff's work, and nothing having been brought out in the cross-examination contradicting said evidence, under the pleadings he made a *prima facie* case. It was not incumbent upon him, under such showings, to prove that the work was done according to the rules of husbandry practiced in the neighborhood, that being a matter of defense. (*Katz* v. *Bedford,* 77 Cal. 319, 1 L. R. A. 826, 19 Pac. 523; *Bailey* v. *Knight* (Tex. App.), 17 S. W. 1062; *Duplex Safety Boiler Co.* v. *Garden,* 101 N. Y. 387, 54 Am. Rep. 709, 4 N. E. 749; *Mobile Electric Lighting Co.* v. *Elder,* 115 Ala. 138, 21 South. 983; *Hoyle* v. *Stellwagen,* 28 Ind. App. 681, 63 N. E. 780; *Schliess* v. *Grand Rapids,* 131 Mich. 52, 90 N. W. 700; *Elizabeth* v. *Fitzgerald,* 114 Fed. 547, 52 C. C. A. 321; *Pope*

*Iron etc. Co.* v. *Best,* 14 Mo. App. 502; *Keeler* v. *Clifford,* 165 Ill. 544, 46 N. E. 248; *Beinhauer* v. *Gleason,* 15 N. Y. St. Rep. 227, 48 Hun, 614; *Stone* v. *Cohen,* 4 App. Div. 175, 38 N. Y. Supp. 755; *Dobbins* v. *Edmunds,* 18 Mo. App. 307; *Fishback* v. *Van Dusen,* 33 Minn. 111, 22 N. W. 244; *Monroe Waterworks Co.* v. *City of Monroe,* 110 Wis. 11, 85 N. W. 685; *Studer* v. *Bleistein,* 115 N. Y. 316, 5 L. R. A. 702, 22 N. E. 245; *Dickinson* v. *Norwegian Plow Co.,* 101 Wis. 157, 76 N. W. 1108.) In *Bailey* v. *Knight, supra,* plaintiff contracted to cut and stack lumber for the defendant at two dollars per thousand, but during a large part of the time defendants kept an agent at the mill, who received the lumber without stacking. Held, that this was a waiver of the requirements, and plaintiff could recover on the contract without showing that they had stacked the remainder of the lumber.

*Mr. John C. Skinner,* for Respondents, submitted a brief and argued the cause orally.

A party who sues on a special contract to recover compensation alleged to be due on its performance must show performance on his part, the burden of proof being on the plaintiff. (9 Cyc. 759; *Simonton* v. *Kelly,* 1 Mont. 363.) The general rule undoubtedly is, in all cases where services are performed on a special contract, that the party claiming payment therefor must prove substantial performance or a waiver. So far as a waiver or acceptance of the work is concerned, in this case it was incumbent upon plaintiff to set forth in his complaint specific allegations to the effect that defendants had accepted the contract work and had waived performance. (4 Ency. of Pl. & Pr. 630, 631.) "If the plaintiff intends to rely on facts which show a waiver of performance on the part of the defendant, he must plead such facts. He cannot plead performance and recover on proof of waiver of performance." (*Simonton* v. *Kelly, supra.*) In this case the plaintiff alleged that plaintiff performed all of the conditions and agreements of said contract by him agreed to be performed and according to the intent and requirements thereof. The answer of the defendants denied the

allegation of the complaint, and by so doing placed the burden of proof of the material allegations of the complaint upon the plaintiff. There is no allegation of waiver or acceptance in the complaint nor in the reply showing waiver or acceptance. Even if the reply can be construed to contain allegations with reference to a waiver or acceptance, our supreme court has held that allegations in a reply cannot aid the complaint. (*Thornton* v. *Kaufman*, 35 Mont. 181, 88 Pac. 796; *Manuel* v. *Turner*, 36 Mont. 512, 93 Pac. 808.)

The provision in the contract that the work should be done in a good and farmerlike manner, and according to the rules of husbandry practiced in the neighborhood, reference being had to the nature of the crop, is a material condition and agreement. In fact, it is a provision usually inserted in contracts for beet culture, farm leases, *etc.* The words are plain and simple of interpretation, and as used in this contract, mean that the work should be done as a skilled workman or farmer would do it; just as the phrase "in a good and workmanlike manner," commonly used in building contracts, means that the work should be done as a skilled workman would do it. (*Fitzgerald* v. *Laporte*, 64 Ark. 34, 40 S. W. 261.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $760, alleged to be a balance due for work and labor performed by the plaintiff for the defendants under a written contract. The contract is made a part of the complaint. It discloses that the defendants, who own a ranch in Big Horn county, Wyoming, employed the plaintiff to prepare the ground, seed, cultivate and harvest sugarbeets on forty-two and a half acres of their lands, during the season of 1909. The defendants were to furnish the seed, tools, work stock and feed, and the plaintiff was to perform the labor. It was left optional with the defendants whether the plaintiff should be required to top any or all of the beets. The contract specifies somewhat in detail the character of work required of the plaintiff, but it also contains these provisions: (1) That the

work shall be done "in a good and farmerlike manner and according to the rules of husbandry practiced in the neighborhood, reference being had to the nature of the crop"; and (2), "said first parties [defendants] shall be the exclusive judges of the efficiency of the work to be performed by the second party [plaintiff] herein." The defendants agreed to pay the plaintiff $35 per acre for beets which were topped, and $31 for those not topped. Plaintiff alleges that he fully performed the contract in all things by him to be performed; that he topped the beets from twenty acres, and at defendants' request did not top the remainder; that defendants paid him $637.50 and refused to pay him the balance. The answer of the defendants admits the execution of the contract; that at their request plaintiff topped only twenty acres of the beets; that they paid plaintiff $637.50, and that they refused to pay him anything more. They deny that plaintiff performed the contract according to its terms, and further deny that there is anything due to him. They plead a counterclaim for damages, and therein allege that plaintiff "so negligently cultivated, tilled, blocked, weeded and irrigated said crop, and neglected and delayed the necessary labor thereon until said crop was not tilled or matured in season, thereby causing a partial failure in said crop of more than one hundred eighty tons, which defendants would have otherwise harvested and received the benefit thereof to their damage in the sum of eight hundred and ten dollars." The affirmative allegations of the answer were put in issue by reply. The cause was brought to trial before the court sitting with a jury, and plaintiff introduced evidence tending to show performance of the contract on his part, and other evidence to which reference will be made hereafter. At the close of plaintiff's case the trial court directed a nonsuit, and it is from the judgment entered in favor of the defendants and from an order denying him a new trial that plaintiff has appealed.

Since the cause must be remanded for a new trial, we shall not discuss the evidence in detail. In passing, we may say we are inclined to the opinion that the evidence is sufficient to make out a *prima facie* case of performance according to the terms

of the contract, but whether or not that be so is not of consequence now.

The contract provides that plaintiff shall be paid for his work as follows: Five dollars per acre when the beets are seeded; five dollars per acre when the beets are thinned and ready to be irrigated; five dollars per acre when the beets are ready to be dug; and the balance when the beets are harvested and plaintiff had fully performed all the conditions of the contract by him to be performed. Without objection plaintiff introduced evidence to the effect that defendants were present at all times while the work was in progress; that they observed the work done by the plaintiff and the manner of its performance; that they made no objection whatever to it and without objection made payment of each of the first three installments substantially as it became due under the contract; and that it was only after plaintiff had completed all of his work under the contract that defendants refused to make final payment, and then only on the ground that plaintiff had not thinned the beets early enough in the thinning season. Under the terms of the contract the beets were to be thinned before they were irrigated and before the second payment to the plaintiff became due.

Upon the motion for nonsuit the trial court was required to [1] view the evidence in the light most favorable to the plaintiff, and to assume that it proved whatever it tended to prove. This rule has been stated so often by this court that it may now be treated as elementary. (*Stewart* v. *Stone & Webster E. Co.,* 44 Mont. 160, 119 Pac. 568, and cases cited.) Considered in the light of the rule just mentioned, and it is not open to doubt that plaintiff made out a *prima facie* case upon either of two theories: (1) Acceptance of his work by the defendants, after they had passed judgment upon it or, in other words, a determination by defendants that plaintiff had performed the work according to the terms of the contract and to their satisfaction as to its efficiency, or (2) a waiver by the defendants of any want of, or defect in, performance of the terms of the contract on the plaintiff's part.

1. It is to be observed that by the terms of the contract these defendants reserved to themselves the right to be "the exclusive [2] judges of the efficiency of the work" which plaintiff was required to do under the contract. When the seeding was completed and defendants were called upon to make the first payment, they might have objected to the manner in which the plaintiff had prepared the ground or planted the seed, but with full knowledge of the facts they made the first payment and by their act gave evidence that they accepted the work done up to that point; in other words, this evidence tended to show that they had exercised the judgment which they had a right to exercise, and, by paying for the work up to that point, were satisfied with the manner of its performance. So, likewise, when the beets were thinned and ready to be irrigated, and the second payment was due, defendants might have objected to the work done; but with knowledge of the facts they made the second payment and again gave evidence that in their judgment the work had been performed according to the terms of the contract as interpreted by them. And so, likewise, when the beets were ready to be harvested and the third payment was due, the defendants might have raised the question that plaintiff had not performed the work since the second payment was made, at least, according to the terms of the contract; but with knowledge of the facts they made the third payment and again evidenced the acceptance of the work as done according to the contract and in a manner satisfactory to them. Since their only contention now is that plaintiff failed in the performance of the contract with relation to work done, or which should have been done, prior to the time the third payment became due, and since the evidence tends to show acceptance of all the work prior to that date, plaintiff was entitled to have his case submitted to the jury and determined on the merits.

2. That part payment with full knowledge of the facts tends [3] to prove a waiver of any defects in the performance, the authorities are all agreed. (*Johnson* v. *Gallatin Valley Milling Co.*, 38 Mont. 83, 98 Pac. 883; *Monroe Waterworks Co.* v. *City of Monroe*, 110 Wis. 11, 85 N. W. 685; *Katz* v. *Bedford*, 77 Cal.

319, 1 L. R. A. 826, 19 Pac. 523; *California Southern Hotel Co.*
v. *Callender,* 94 Cal. 120, 28 Am. St. Rep. 99, 29 Pac. 859;
*Phillips & Colby Construction Co.* v. *Seymour,* 91 U. S. 646, 23
L. Ed. 341.)

But counsel for respondents contends in his brief that the
question of waiver was not before the court, for the reason that
waiver was not pleaded; and the same objection to the defense
of acceptance might be interposed. It is true that either of
[4]   these defenses, like estoppel, is an affirmative one which
must be pleaded. This is the general rule; but the rule is equally
well settled in this state that where evidence, which might have
been excluded as not tending to reflect upon any issue made
by the pleadings, has been admitted without objection, it will
be given the same consideration as though fully warranted by
the pleading of the party offering the evidence, or, in other
words, the pleading will be treated as if it had been amended
to admit the introduction of the evidence. (*Archer* v. *Chicago
M. & St. P. Ry. Co.,* 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac
571; *O'Brien* v. *Corra-Rock Island Min. Co.,* 40 Mont. 212, 105
Pac. 724; *Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac.
994.) Applying the rule just announced, and the error of the
trial court in granting a nonsuit is apparent.

We are not to be understood, however, as holding that part
payment with full knowledge of the alleged defects constituted
either acceptance or waiver, as a matter of law. Our language
is to be understood in view of the rule stated above; that on the
motion for a nonsuit the evidence will be deemed to prove what-
ever it tends to prove. The evidence of part payment with
knowledge was competent, and should have gone to the jury as
tending to prove either acceptance or waiver. (*Hattin* v. *Chase,*
88 Me. 237, 33 Atl. 989.)

The judgment and order are reversed and the cause is re-
manded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.