HARRI, APPELLANT, *v.* FARMERS' CO-OPERATIVE CO., RESPONDENT.

(No. 5,305.)

(Submitted November 1, 1923.  Decided December 3, 1923.)

[223 Pac. 109.]

*Partnership—Powers of Partners—Chattel Mortgages—Promissory Notes—Defenses—Payment—Pleading—General Denial—Evidence Admissible—Appeal and Error—Findings—When Conclusive.*

Appeal and Error—Findings Based on Conflicting Evidence Conclusive.
   1.  Findings based upon conflicting evidence are presumptively correct and will not be disturbed on appeal.

Pleading—Action on Account—Balance Due—Payment—General Denial
—Evidence Admissible.

2.  In an action to recover a balance due, defendant may prove pay-
ment under his general denial.

Chattel Mortgages—Security Valueless Without Fault of Mortgagee—
Foreclosure not Required.

3.  A chattel mortgagee whose security had become valueless without
his fault, was not, in an action by the mortgagor to recover an alleged
overpayment, relegated to his remedy by foreclosure, but could prop-
erly counterclaim for a balance due him upon the note secured by
the mortgage, the law not requiring the doing of a useless thing.

Partnership—Acts of Partners Within Scope of Authority—Partner's
Breach of Confidence—Remedy of Other Partner.

4.  Where one of two partners engaged in farming operations had
notified an implement company to which a chattel mortgage had been
given on crops grown by the partnership not to settle with his partner
for grain delivered to it unless both were present, but settlement was
nevertheless made, the contention of the notifying partner that the
company was accountable to him as for a fraud committed on him,
*held* not maintainable, the evidence showing that settlement was made
by one over whom the company had no control, but that at any rate
plaintiff's remedy was an action for an accounting against his
partner, who in accepting payment was acting within the general
scope of the partnership authority.

*Appeal from District Court, Fergus County; Wm. L. Ford,
Judge.*

ACTION by Fritz Harri against the Farmers' Co-operative
Company of Brooks. Judgment for defendant and plaintiff
appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Fritz Harri, pro se.*

*Mr. Oscar O. Mueller,* for Respondent.

MR. JUSTICE COOPER delivered the opinion of the
court.

The plaintiff and Roy M. and W. Baxter Morton in the
spring of 1917 were copartners engaged in general farming
in Fergus county, under the firm name of Morton & Harri.
On April 13, 1917, the defendant opened an account with the
copartnership in which were charged against it items for seed,
farm implements and other supplies sold by defendant. On

June 1 the plaintiff Harri executed a promissory note to the defendant in the sum of $795.65, balancing the account, and as security therefor executed also a chattel mortgage on the partnership crop and delivered both instruments to the defendant. The mortgage was placed on public record in the proper office of the county. After stating the above facts, the complaint then alleges that in October, 1917, the plaintiff told defendant's manager that W. Baxter Morton would begin to haul grain to the elevator immediately after it was threshed, and then and there notified defendant's agent not to settle for the grain with the Mortons unless he (the plaintiff) was present; that notwithstanding such notice, and in fraud of plaintiff's rights, the defendant's agent paid to the Mortons the sum of $400 for wheat delivered by him, which was a part of the crop covered by the chattel mortgage; that in March, 1918, $289.45 was paid on the account and credit was given therefor; that further sums totaling $1,394 were paid on the note and account, thus satisfying the note and discharging the mortgage. The prayer is that the plaintiff be allowed proper credits and the defendant required to surrender the note, satisfy the mortgage of record and pay the plaintiff the balance due him.

The answer denies everything but the partnership and the indebtedness. As a counterclaim it alleges the execution and delivery of the note, payment thereon of the following sums: $78.90, $210.55, $15 and $198.79, and that a balance of $360.70 and interest remain due. Recovery of the principal sum and interest, the allowance of a reasonable attorney's fee and costs is prayed. The reply denies generally all the affirmative allegations of the answer and counterclaim, and alleges that the mortgage has never been foreclosed or discharged, although enough has been paid on the note to satisfy and discharge it. The cause was tried by the court; written findings were made and filed to the effect that the defendant has allowed credit for all sums paid and that a balance of $360.70 remained due defendant. The court also found that $50 was

a reasonable attorney's fee.   Plaintiff appeals from the judgment against him and from the order refusing to strike the item of $50 allowed as a reasonable attorney's fee as provided in the note.

Appellant specifies eleven errors on the part of the trial court.   The first five and the eighth deal with the sufficiency of the evidence to support the findings.   Of the conclusion [1] upon the facts it is enough to say that it was justified by the conflicting evidence upon the substantial issues, is presumptively correct and should not be disturbed.

The sixth assignment is addressed to the ruling of the [2] court in admitting over the plaintiff's objection, Exhibit 3, which comprised the ledger account of Morton & Harri running from April 13, 1917, up to and including February 25, 1918.   The grounds of the objection were that the items charged in the account, after the note was given, were not authorized and that the partnership operations, except the threshing and delivery of the wheat, had terminated, and that it was new matter constituting a defense which had not been pleaded.   Section 127 of 21 R. C. L., page 115, is cited in support of his contention.   The authority relied upon by counsel does not sustain his position, as the following excerpt therefrom will show, namely: ''Where a person sues to recover a balance due which he alleges, not merely as a conclusion of law, but as a fact, and which he must prove in order to sustain his action, it is well settled that the defendant may show payment under a general denial, because the amount of the indebtedness, being the only fact alleged by which it may be said to exist, it is traversable, and being traversed, it is proper to show payment under the issue thus formulated, to refute its existence.''   (See, also, to the same effect, 30 Cyc. 1261, 1262; 16 Ency. Pl. & Pr. 181; *Jones* v. *El Reno M. & E. Co.*, 26 Okl. 796, Ann. Cas. 1912B, 86, 110 Pac. 1071; Kerr's Pl. & Pr., sec. 144.)

The next point urged is that the defendant's remedy was a [3] proceeding to foreclose the mortgage on the partnership

crop and not a counterclaim upon the note. There was evidence introduced upon the trial tending to show that the crop covered by the mortgage had all been disposed of before suit was brought. The court found that the sale of the load of wheat by Baxter Morton was within the scope of the partnership authority, and that the grain sold to other elevators by the partners of the plaintiff was disposed of without the fault of the defendant, and that it was not liable therefor. The evidence showed that the crop of the partnership was all sold and the security exhausted before the action was instituted. The court found that the defendant had fully accounted to the plaintiff for all moneys, property, claims and demands, and that there was a balance of $360.70 due on the promissory note, with interest. Courts will not require the doing of a thing which can be of no avail to either party.

Appellant next contends that because defendant paid [4] Baxter Morton for a load of wheat covered by the mortgage which was not credited on the note, it permitted the security to become exhausted and rendered valueless and thus committed a fraud on the partnership, and that the act of Morton in so selling the wheat was not within the scope of the partnership authority. Upon this proposition the authorities do not favor appellant's contention. Our Code speaks upon the rights and obligations of partners as follows: Each partner may bind his copartner in matters within the general scope of the partnership business. (Sec. 7997, Rev. Codes 1921.) Each partner is obliged to account to the other partners for everything he receives on account of the partnership. (Sec. 7991.) The evidence was that the payment was made to Morton by the elevator at Danvers after being advised by defendant not to do so, and hence without any fault on the part of defendant or of its agents. The court found in defendant's favor upon that issue.

In *Noyes* v. *New Haven etc. R. R. Co.*, 30 Conn. 1, two partners had an unsettled account with the railway company. Noyes gave notice to the proper officer of the company ''not

to make a settlement unless both partners were present.'' Eddy, the other partner, for the purpose of applying the money due to his own private use and of defrauding his partner, proposed, and the railway company, knowing of his intention, made a secret settlement with him and took a discharge of the debt owing the partnership. The court said: ''The circumstance that the president promised not to pay Eddy separately, if that be the construction of the request, amounts to nothing against Eddy. If the president has broken a legal promise to the injury of Noyes, the remedy is against him, but it is not enough to defeat the payment made to the partner Eddy. It is urged further, that Eddy's purpose in affecting a settlement was to get the money into his own hands and not account for it, and that the defendant were cognizant of this, and yet settled with him, partly because they could settle with him more favorably than with both, and partly to enable him to put the money into his own pocket. But Eddy is accountable for it at all events as a partner, and we do not know but that every dollar of it was justly due to him, or to the partnership creditors who perhaps are urging their claims against him or his estate. We cannot see that a fraud has been accomplished to the injury of the partnership, or even of Mr. Noyes, although there has been 'a breach of the confidence which belongs properly to the partnership relation, and in ordinary cases is inseparable from it; and even if a fraud has been committed by the company on Noyes, it would not be a fraud on Eddy, or on the partnership as such, and no action could be maintained in the name of the partnership for it. * * * We consider the rule to be this—that wherever one partner settles with a debtor of the company and receives payment of the debt, he cannot retain the money and repudiate the settlement; nor can he, either alone or in union with his partner, recover the debt a second time.'' This case is cited with approval by Rowley on Partnership, section 450, and Story on Partnership, section 115.

As to the order complained of, it is sufficient to say that the attorney's fee is provided for in the contract, and judgment on the note having been in favor of defendant on its counterclaim, the attorney's fee followed as a matter of course.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

Rehearing denied February 13, 1924.