KELLY, APPELLANT, v. GULLICKSON, RECEIVER, RE-
SPONDENT.

(No. 5,766.)

(Submitted November 21, 1925. Decided December 10, 1925.)

[241 Pac. 623.]

*Trusts—Findings—When Conclusive—Pleading and Practice—
Defective Complaint may be Cured by Answer.*

Trusts—Real Party in Interest—Findings—Conflicting Evidence—Affirm-
ance.
1. In an action for an accounting and to have defendant bank de-
clared trustee of a resulting trust, *held* under the rule that findings
made on conflicting evidence will be set aside only where the evi-
dence preponderates against them, that the finding that plaintiff's
husband, and not she, was the real party in interest was correct, and
that therefore the court properly rendered judgment in favor of
defendant under section 9067, Revised Codes of 1921.

Pleading and Practice—When Pleading Deemed Amended to Conform to
Proof.
2. Where defendant, after admitting in his answer a vital allegation
in the complaint, is permitted without objection to depart therefrom
in his evidence and the matter is thereafter treated as an issue in the
case, the answer will be deemed to have been amended to conform to
the proof.

Same—Defective Complaint may be Cured by Answer.
3. Omissions from or defects in the complaint may be supplied or
cured by the answer.

Equity—Findings—When Conclusive.
4. The findings in an equity case will not be set aside for in-
sufficiency of the evidence to support them unless the evidence
preponderates against them.

---

[1]. Husband and Wife, 30 C. J., sec. 796, p. 1029, n. 65 New.
[2] Appeal and Error, 4 C. J., sec. 2683, p. 750, n. 92.
[3] Pleading, 31 Cyc., p. 715, n. 57.

*Appeal from District Court, Sheridan County; Charles A.
Rose, Judge.*

ACTION by T. C. Kelly against Oscar S. Gullickson, as re-
ceiver of the Sheridan County State Bank. Judgment for
defendant and plaintiff appeals. Affirmed.

*Mr. Arthur Le Seuer,* of the Bar of St. Paul, Minnesota, and *Mr. Thomas M. Keogan,* for Appellant, submitted a brief; *Mr. Le Seuer* argued the cause orally.

*Mr. Paul Babcock,* for Respondents, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in equity brought by the plaintiff against the Sheridan County State Bank, John W. Shelby and T. L. Beiseker as defendants, for an accounting and in an endeavor to have a resulting trust declared as to certain real estate, title to which is vested in the Sheridan County State Bank. The defendant answered the plaintiff's complaint, admitting and denying certain allegations thereof and alleging new matter by way of affirmative defense. In response to demand, a bill of particulars was filed in the action by the plaintiff, setting forth several thousands of dollars for which credit was claimed on her behalf. The land sought to have impressed with a trust is located in Sheridan county and comprises 640 acres. It was mortgaged to the Minneapolis Trust Company and in plaintiff's complaint it is alleged that although ample money was deposited with the bank by her with direction and agreement that it should be used by the bank in satisfaction of the mortgages upon the land, the bank wholly failed and neglected so to do and permitted the land to be sold at foreclosure sale and before the expiration of the time allowed for redemption obtained an assignment to itself of the sheriff's certificates of sale and subsequently, after the redemption period had passed, secured deeds to the property from the sheriff, in fraud of the plaintiff. Issue was joined by replication and the cause was tried to the court without a jury. During the trial the action was dismissed as to the defendants John W. Shelby and T. L. Beiseker, and Oscar S. Gullickson as receiver of the Sheridan County State Bank was

substituted for the bank, thus the receiver becoming the only party defendant. Findings of fact and conclusions of law were made by the court in favor of the defendant, upon which judgment was duly entered. The appeal is from the judgment.

The plaintiff is the wife of D. W. Kelly, and endeavor was [1] made to establish a case in her favor predicated alone upon his testimony. Mrs. Kelly was not called as a witness. In support of the plaintiff's cause of action D. W. Kelly testified in chief respecting the several transactions as his own, using most prominently the pronouns "I" and "my." On cross-examination he stated that he "was just doing business in his wife's name." After giving such testimony, upon being called again to the stand following an adjournment of the court over night, he testified on redirect examination, over objection of defendant's counsel, that the business was his wife's. Defendant's counsel made objection to such testimony as follows: "By Mr. Hurd: To that we object on the ground and for the reasons that the witness in his testimony stated the money that went into that account was his money and that he was merely transacting this business under the name of his wife, who had no interest in it, and I think that is not susceptible of any explanation." Plaintiff's counsel, Mr. Le Seuer, replied: "I am asking him to explain that, because the statement stands two ways; if his last testimony is correct and the first is incorrect, and counsel's interpretation of it is right, we have nothing to do only to save everybody time, but I think he has a perfect right to explain what were the facts as between those two answers he has given." Upon being directed by the court to answer, the following testimony was elicited: "I am doing business for my wife and this is her business." By the Court: What is her business, what do you mean? A. This banking deal, this banking business. By Mr. Le Seuer. Q. Is that true of all of the business that was done with the bank? A. Yes, sir. Q. That is concerning all these loans and matters that are in issue? A. Yes, sir."

On recross-examination he said that if he had before testified that he was merely transacting the business and carrying the deposited moneys in the bank in his wife's name, he was in error. He said: "Well, if I did [so testify] I made a mistake, that is all there is to that, because I was talking pretty fast yesterday, you rushed me hard, it was hard to answer. Q. No, we didn't rush you, the Court, on the other hand admonished you to be very slow in talking. Now will you explain to His Honor these contradictions in your testimony, if you have any explanations to make? A. If I was handling this bank business for myself as my own business it is a mistake. I am not and it is T. C. Kelly's business and that involves the litigation here in T. C. Kelly's name, and not in my name any way, shape or form. Q. Is that all the explanation you care to make concerning this conflict in your testimony? A. I think so. Q. All right. Now, Mr. Kelly, how long have you been doing business in your wife's name? A. I don't know, I should think maybe seven years. Q. I am speaking about the time of T. C. Kelly's account, from August 8, 1916, to September 27, 1917, you didn't have any checking account there of your own at that time? A. No."

Later he testified: "Q. After you left the stand yesterday, your attention was directed by your counsel to the fact that you were doing your own business under Mrs. Kelly's name? A. Well, if I did testify to that I made a mistake. Q. After you left the witness-stand yesterday afternoon some of your attorneys directed your attention to the fact on your testimony to the effect you were doing business under the name of Mrs. Kelly would cause this action to be dismissed? A. No. Q. They talked it over with you before you came back on the witness-stand this morning? A. No. Q. Nobody spoke to you and you didn't discuss the matter with any one of them? A. No."

T. L. Beiseker, who was the cashier of the Sheridan County State Bank from 1913 to 1920, and who conducted all of the

dealings complained of, testified that all of the deposits for
T. C. Kelly were made by her husband, D. W. Kelly; that
the plaintiff never gave the business any personal concern;
and that D. W. Kelly, at the time of opening the account
with the bank, stated to the witness that the business was
his own (D. W. Kelly's) "carried in his wife's name." Fur-
ther the witness said that his only acquaintance with Mrs.
Kelly was merely to know her when he saw her; and that he
never had any dealings with her; that the business was con-
ducted alone with D. W. Kelly.

The court made nineteen special findings of fact, only one
of which need be considered determinative of this appeal;
namely, "that D. W. Kelly is the real party in interest in
this cause and T. C. Kelly, the plaintiff herein, is not now,
and never was, the real party in interest in said cause."

The pleadings admit that D. W. Kelly was acting as the
[2]  agent of his wife in the several transactions involved,
but during the course of the trial deviation was made from
this admission in the pleadings by the proof introduced with-
out objection, thus raising a determinative question of fact.
Had objection been made to such testimony, it must have been
excluded. However, having been admitted without objection,
and treated by the parties as an issue upon which the court
made its most important finding of fact, the pleadings must
be held to have been amended conformable to the proof.

The general rule is by numerous decisions well settled
in this state. In the case of *Lackman* v. *Simpson*, 46 Mont.
518, 129 Pac. 325, it is stated by Mr. Justice Holloway as
follows: "Where evidence, which might have been excluded
as not tending to reflect upon any issue made by the plead-
ings, has been admitted without objection, it will be given
the same consideration as though fully warranted by the
pleading of the party offering the evidence, or, in other
words, the pleading will be treated as if it had been amended
to admit the introduction of the evidence." A few other
cases to the same effect are *Moss* v. *Goodhart*, 47 Mont. 257,

[75 Mont. 66.]

131 Pac. 1071; *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *State ex rel. Dansie* v. *Nolan*, 58 Mont. 167, 191 Pac. 150; *Capital Lumber Co.* v. *Rarth*, 33 Mont. 94, 81 Pac. 994; *O'Brien* v. *Corra-Rock Island Min. Co.*, 40 Mont. 212, 105 Pac. 725; *Archer* v. *Chicago, M. & St. P. Ry. Co.*, 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac. 571.

And this doctrine has often been stated and repeated in [3] this state where omissions or defects existing in the complaint are supplied and cured by the answer filed. (*In re Miller's Estate*, 71 Mont. 330, 229 Pac. 851, and see large number of cases there collected.) We can see no good reason to make distinction in application of the rule to cases where admissions in the pleadings are upon the trial wholly disregarded. In the language of Mr. Chief Justice Brantly, stated in manner applicable to the facts in the case before us, when a trial has been had upon evidence which has been introduced without objection, a judgment will not be reversed because of defects in the pleadings; rather they will be treated as having been amended in the trial court, so far as is required to sustain the judgment. (*Ellinghouse* v. *Ajax Livestock Co., supra.*) Proof introduced at the trial without objection may raise an issue of fact which had theretofore been conceded by the pleadings.

So far as applicable, our statute expressly provides that "every action must be prosecuted in the name of the real party in interest," with certain exceptions not applicable here. (Sec. 9067, Rev. Codes 1921.) And, since such an action as this must be prosecuted in the name of the real party in interest, failure so to do necessarily leaves her without right of recovery in such proceeding, where it appears from the evidence that the right of action is not in the party suing but rather in another. This conclusion is paraphrased from the language embodied by Mr. Justice Holloway in the case of *Lefebure* v. *Baker*, 69 Mont. 193, 220 Pac. 1111, in dealing with the necessary affirmative allegations of a complaint.

Under the oft-repeated rule of this court, applicable here, [4] where there is conflict in the evidence, the findings as made will not be set aside, save when the evidence is wholly preponderating against them. This rule has been so often restated that reference is made only to a few recent cases: *Harri* v. *Farmers' Co-operative Co.,* 69 Mont. 149, 223 Pac. 109; *Scott* v. *Prescott,* 69 Mont. 540, 223 Pac. 490; *Bischoff* v. *Bischoff,* 70 Mont. 503, 226 Pac. 508. Manifestly the evidence does not preponderate against the court's finding.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.